IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. MCNEESE,

    **Plaintiff,**

    v.                                                    CASE NO. 25-3083-JWL

(FNU) ANDERSON, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ"). Plaintiff alleges that Defendant Anderson injected something into Plaintiff's side when he was doing rounds at the SCJ. (Doc. 1, at 2.) Plaintiff's allegations are the same as those he has brought in multiple cases in this Court.

    On May 1, 2025, the Court entered a Memorandum and Order (Doc. 3) ("M&O") denying Plaintiff leave to proceed in forma pauperis, finding that Plaintiff's repetitive cases have been dismissed as frivolous and malicious, subjecting Plaintiff to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court noted that in Plaintiff's first case filed based on these allegations, Plaintiff alleged that the injection occurred on January 15, 2024, over a year ago. *See McNeese v. Anderson*, Case No. 24-3153-JWL, Doc. 1, at 4 (D. Kan.).

    The Court granted Plaintiff until May 30, 2025, to submit the $405.00 filing fee. The M&O provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O. Instead, Plaintiff has filed an "Amended Complaint" (Doc. 4) and a letter (Doc. 5). The "Amended Complaint," sets forth arguments about

1

his state lawyer advising him to go to "provisit" to speak with Comcare, which he claims creates a conflict of interest. (Doc. 4, at 1.) The remainder of the Amended Complaint includes copies of orders from other cases Plaintiff filed, and indicates he would like to serve the Defendants. *Id*. at 2–13. In his letter, Plaintiff claims that he knows that he messed up by going to "pro-visit." (Doc. 5, at 1.) The Court also received the attached correspondence from Plaintiff's father. The letter includes results from imaging Plaintiff had done in February 2025 for a possible abscess, and provides that the ultrasound examination "demonstrates no abnormality. No drainable fluid collection is visualized." Although Plaintiff's father is not a party and therefore not allowed to file pleadings in this case, the Court notes that the letter and attachments do not show that Plaintiff was in imminent danger when he filed this case.[1]

Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O. Nothing in Plaintiff's Complaint, Amended Complaint, or the letters, shows that he was in imminent danger when he filed this case. Furthermore, the Court noted in the M&O that even if Plaintiff submits the filing fee, this case would be subject to dismissal as repetitive and therefore frivolous or malicious.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is

---

[1] The Court notes that the results as stated in the report seem to be at odds with Plaintiff's claim in his cases that whatever was inserted into his side still remains there.

2

not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated June 2, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE